GEORGE W. CLEMENTS, in right of his wife, and others, plaintiffs in error, *vs.* THOMAS GLASS, defendant in error.

[1.] G., by his will, gave certain property to his wife, during her natural life, or widowhood; in the event of her marrying again, the property was to be equally divided between her and the children of the testator; should she marry a future husband and leave no child or heir by him, at her decease, the share allotted to her upon the second intermarriage, was to go over to the testator's children.

*Held,* That no estate tail was created by this will; but that the widow took an estate upon condition subject to be defeated upon her dying without child or heir.

[2.] In an action of trover for negroes, their value and hire, is the measure of damages.

Trover, in Walker Superior Court. Tried before Judge TRIPPE, at May Term, 1857.

This was an action of trover, brought by George W. Clements and others against Thomas Glass, for the recovery of two negro women, Ellen and Jane.

The parties went to trial upon the following agreed statement of facts, viz:

That Thomas Glass, the defendant married Nancy Grantham, the widow of Abraham Grantham, deceased, who died,

leaving in full force, and unrevoked, his last will and testament. That the executors of said will caused the negroes belonging to testator to be divided in accordance with his will, and the negroes sued for were received by defendant from the executors, as his wife's share of said estate.

That Mrs. Glass died on the 25th day of December, 1854, never having had any child by defendant, her last husband, and left the negroes in dispute, in his possession at the time of her death, and that said negroes are still in his possession. Demand and refusal were admitted, and that the negroes are worth twelve hundred dollars, and the annual hire eighty dollars.

The Court charged the jury:

1st. That according to the legal construction of said will, Mrs. Nancy Grantham took an absolute title to that portion of the property, mentioned in said will, which fell to her share upon her second marriage, and the division of said property. That she did not hold a life estate therein, but an absolute and complete title to the same, and that the limitation over upon the event of her dying without a " child or heir" by the second marriage was void.

2d. That upon the marriage of Mrs. Nancy Grantham with the defendant, and the division of the property among the legatees according to the provisions and requirements of the will, Mrs. Gratham's share of said property passed to her second husband, Thomas Glass, the defendant, by virtue of his marital rights, and became vested in him absolutely.

3d. That if the jury find for the plaintiffs they should compute hire from the time of demand and refusal, that being the period of conversion, defendant having obtained possession of the negroes lawfully, and not tortiously.

The jury found for the defendant.

And plaintiffs except and assign as error the charge of the Court above set forth.

J. R. & T. W. ALEXANDER, and A. B. CULBERSON, for plaintiffs in error.

WARREN AKIN, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

Did the will of the testator, Abraham Grantham, create an estate tail, so as to vest an absolute fee in his wife, and through her in his second husband, Thomas Glass?

The testator gives to his wife, the property during her natural life or widowhood; but should she marry again, the same to be equally divided between her and his children; and should she marry again and die leaving no child or heir, by the second husband, then her part, so falling to her upon the former division, to be equally divided between the children of the testator.

This bequest cannot, by any possibility, be tortured into an estate tail. The meaning of the will is clearly this, namely: that his wife should take the property bequeathed to her during her natural life, provided she remained his widow. But should she marry again, then this legacy was to be divided, and she cut down to a child's part of it only. Should she die leaving a child by any future husband, in that event the share thus going to her, would vest absolutely, otherwise, dying childless, it was to go over to the children of Grantham.

As to so much of the argument as is founded upon the second section of the Act of 1821, *Cobb* 169, I confess I do not comprehend it very clearly. All who were cotemporary with that Act, will recollect the mischief it was intended to prevent. In England, to create a fee, it was necessary that some word of inheritance should be contained in the conveyance. A deed of land to A. vested a life estate only. In this State every man is his own scrivener, as well as any thing else. It was found that in many, if not in most deeds, words

Clements et al. vs. Glass.

of inheritance were omitted, notwithstanding it was the intention of the parties to pass the fee. To relieve against this evil, the Legislature enacted, that all conveyances of any kind whatsoever, of real or personal property, should be held and construed to vest an absolute unconditional fee simple estate, in the person to whom the same was made, unless it was otherwise expressed, and a less estate mentioned and limited. Thus reversing the rule of the English law.

But is not an estate for life or widowhood a less estate than a fee? And is not this less estate mentioned and limited in this will? Is not an estate upon condition a less estate than a fee? And is not the portion of the testator's property allotted to his widow upon her second marriage, put upon the condition of her having offspring surviving her, by any future marriage? And is not an estate upon condition, at best, but a lease or qualified fee?

We repeat we do not comprehend, very clearly, the drift of this argument.

Damages for the detention of property may be given according to the thing converted or detained. For the use of money, the interest may be made the measure of damages; or the value of their labor, in the case of negroes. The defendant, in no case, is to be benefitted by his own wrong. But is there any evidence of a conversion here, except the demand and refusal? And can that be made to relate back without proving a user of the property by the defendant, previously? The owner's right accrued from the death of Mrs. Glass, still, without further proof as to the conversion, must not the hire be restricted to the date of the demand?

Judgment reversed.